IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FATHER JESUS                                                    PLAINTIFF

v.                                        Civil No. 1:22-cv-00209-HSO-BWR

THE LAMAR COMPANY                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT
DEFENDANT THE LAMAR COMPANY'S MOTION [4] TO QUASH
SUMMONS; GRANTING DEFENDANT THE LAMAR COMPANY'S MOTION
[4] TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
DENYING AS MOOT DEFENDANT THE LAMAR COMPANY'S MOTION [6]
TO STRIKE SECOND AMENDED COMPLAINT [3]; DENYING PLAINTIFF
FATHER JESUS'S MOTION [7] FOR CORRECTION OF CLERICAL
MISTAKES ON AMENDED COMPLAINT [1-1]; DENYING PLAINTIFF
FATHER JESUS'S CONSTRUCTIVE MOTION FOR SANCTIONS
ENTITLED RESPONSE [8] TO MOTION [4]; DENYING AS MOOT
DEFENDANT THE LAMAR COMPANY'S MOTION [10] TO STRIKE
PLAINTIFF'S RESPONSE [8]; DENYING PLAINTIFF FATHER JESUS'S
MOTION [12] TO AMEND SECOND AMENDED COMPLAINT [3]; AND
DENYING AS MOOT PLAINTIFF FATHER JESUS'S MOTION [14] TO
AMEND DEFENDANT'S NAME**

BEFORE THE COURT are Defendant The Lamar Company's Motion [4] to

Quash Summons, Defendant The Lamar Company's Motion [4] to Dismiss or, in the

alternative, for Summary Judgment, Defendant The Lamar Company's Motion [6]

to Strike Second Amended Complaint [3], Plaintiff Father Jesus's Motion [7] for

Correction of Clerical Mistakes on Amended Complaint [1-1], Plaintiff Father

Jesus's Constructive Motion for Sanctions Entitled Response [8] to Motion [4],

Defendant The Lamar Company's Motion [10] to Strike Plaintiff's Response [8],

Plaintiff Father Jesus's Motion [12] to Amend Second Amended Complaint [3], and

Plaintiff Father Jesus's Motion [14] to Amend Defendant's Name. These Motions [4][6][7][8][10][12][14] are fully briefed.

After review of the parties' filings and relevant legal authority, the Court finds that (1) Defendant The Lamar Company's Motion [4] to Dismiss should be granted; (2) Defendant The Lamar Company's Motion [4] to Quash Summons, Motion [6] to Strike Plaintiff's Second Amended Complaint [3], Motion [10] to Strike Plaintiff's Response [8], and Plaintiff Father Jesus's Motion [14] to Amend Defendant's Name should be denied as moot; and (3) Plaintiff Father Jesus's Motion [7] for Correction of Clerical Mistakes on Amended Complaint [1-1], Constructive Motion for Sanctions Entitled Response [8] to Motion [4], and Motion [12] to Amend Second Amended Complaint [3] should be denied. This civil action should be dismissed with prejudice. The Court will address Defendant The Lamar Company's Motion [18] for Sanctions in a separate order.

## I. BACKGROUND

### A.    Procedural history

On July 26, 2022, Plaintiff Father Jesus ("Plaintiff" or "Father Jesus") filed a Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, seeking damages and injunctive relief from Defendant Lamar Advertising Company. He subsequently filed a First Amended Complaint [1-1] on August 8, 2022. Defendant Lamar Advertising Company filed a Notice of Removal [1] in this Court. Father Jesus then filed a Second Amended Complaint [3], which inconsistently named as Defendant "The Lamar Company" and "Lamar Advertising Company." *See* 2d Am.

Compl. [3] at 1-2 ("Father Jesus, the Plaintiff *pro se* . . . brings this Complaint against The Lamar Company (hereinafter also referred to as 'Lamar'), and hereby states as follows.**On** [sic] **May 21 2021** [sic] Lamar Advertising Company Denied Plaintiff equal right [sic] to purchase billboard space worldwide." (emphasis in original)).

B.   <u>Plaintiff's allegations</u>

Plaintiff asserts that Defendant The Lamar Company[1] ("Defendant" or "Lamar") violated Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. §§ 2000a et seq., and the Mississippi Antitrust Act ("MAA"), Miss. Code Ann. §§ 75-21-1 et seq. 2d Am. Compl. [3] at 5; Ex. [12-1] at 12-13. He claims that "Defendant implemented policies and practices that denied [him], on account of his religion and/or religious viewpoints, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its public business" in violation of Title II. 2d Am. Compl. [3] at 3, 5. He also asserts that "Defendant engaged in a conspiracy to monopolize both inter [sic] and intrastate sale of advertising space" and "restrained trade to the Plaintiff and unlawfully hindered competition." *Id.* at 5-6.

Father Jesus is an African-American man and the founder of a religious group, the Saints of the Most High. *Id.* at 2,4. Lamar operates billboards and digital

---

[1] Following the filing of the Second Amended Complaint [3], Lamar Advertising Company was terminated as a party and replaced with The Lamar Company as Defendant. *See* Docket Annotation, Aug. 23, 2022. The parties have submitted a number of filings addressing the name of Defendant. *See, e.g.*, Mem. [5] at 1, 9; Mot. [7] at 1; Resp. [9] at 1; Mot. [10] at 1; Mot. [14] at 1-2. The Court will use Defendant's name as reflected in the docket despite Plaintiff's inconsistent naming of Defendant in the current operative pleading, his Second Amended Complaint [3].

advertising in Harrison County, Mississippi. *Id.* at 2-3. Father Jesus "sought and still seeks to advertise his business" on these billboards. *Id.* at 2. He alleges that he contacted Lamar on May 21, 2021,[2] "to advertise his likeness and religious group," but it "made known that it would not do business with nor advertise the Plaintiff based on his race and religion." *Id.* at 4. He cites email communications with employees of Lamar who "expressed that because of Plaintiffs [sic] religion He cannot purchase billboards even if just a photo of Plaintiff without His name 'Father Jesus' included." *Id.* at 5. According to Plaintiff, Defendant has denied him access to its advertising services while offering those services to other religious organizations, *id.* at 3, and "[t]here is no legitimate basis for denying the Plaintiff services based on his race and/or religion especially when the Defendant conducts business with white individuals and businesses as well as a controversial group like the church of Satan," *id.* at 4-5.

C.   The parties' motions

1.   Defendant's Motion [6] to Strike Amended Complaint [3]

Defendant seeks to strike Plaintiff's Second Amended Complaint [3] on grounds that he had already filed a First Amended Complaint [1-1] prior to removal and this Second Amended Complaint was filed without leave of Court or Lamar's agreement. Mot. [6] at 1. Lamar contends that Plaintiff was required to obtain either its consent or the Court's permission prior to filing another amended complaint under Federal Rule of Civil Procedure 15(a)(1). *Id.* Father Jesus did not

---

[2] Plaintiff's initial Complaint [1-1] and First Amended Complaint [1-1] also referenced communications with Lamar from 2018 to 2021. Compl. [1-1] at 3-4; 1st Am. Compl. [1-1] at 10, 13.

respond to this Motion [6], but he has filed a Motion [7] to Correct Clerical Mistakes and a Motion [12] to Amend that, as discussed below, seek to amend with leave of Court.

2.   Defendant's Motion [4] to Quash Summons and Motion [4] to Dismiss or, in the alternative, for Summary Judgment

On August 22, 2022, Defendant filed a Motion [4] to Quash Summons pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). Mot. [4] at 2. Defendant argues that the summons issued named "The Lamar Company, LLC," but the Complaint [1-1] served with the summons named "Lamar Advertising Company" as the defendant. Mem. [5] at 3 n.4, 9; *see* Compl. [1-1] at 3-4, 9. Defendant asserts that this inconsistency made the summons and any attempted service of it insufficient. Mem. [5] at 9 (citing *Shivers v. Akima Intra-Data*, No. 2:07cv55KS-MTP, 2008 WL 3992669, at *3-4 (S.D. Miss. Aug. 21, 2008)).

Defendant also included in this filing a Motion [4] to Dismiss or, in the alternative, for Summary Judgment, raising several grounds for why the Court should dismiss Plaintiff's Complaint [3].

First, Lamar argues that Father Jesus's claims are barred by claim preclusion because "Plaintiff has already filed and lost an action based on Lamar's decision not to post his messages on its billboards." Mem. [5] at 6. Specifically, on June 3, 2021, Father Jesus filed a lawsuit in the Circuit Court of Harrison County, Mississippi, against Lamar,[3] alleging that "Lamar Advertising (who has a monopoly

---

[3] In this 2021 lawsuit, Plaintiff named "Lamar Advertisement, LLC" as the defendant, rather than the Lamar Company, the Lamar Company, LLC, or Lamar Advertisement Company, which are the three names used for Lamar in the present suit. Amended Complaint at 1, *Jesus v. Lamar*

5

[i]n Mr Jesus [sic] key market) has refused advertisement [o]f Mr Jesus [sic] likeness with or without the accompaniment of words including His name" in violation of the "First Fifth and Fourteenth Amendments of the United States Constitution." Ex. to Notice of Removal at 4, *Jesus v. Lamar Advertisement, LLC*, 2021 WL 4342727, No. 1:21-cv-230-LG-JCG (S.D. Miss. July 2, 2021), ECF No. 1-1. The initial complaint in the 2021 lawsuit further specified that "[f]rom 2018-2021 Mr Jesus has [p]leaded with [t]he Managers, District, [sic] Managers and [t]he Vice President to purchase a billboard," but Lamar's Vice President "on May 19 2021 stated in [h]is email, [t]he 2018 decision stands," denying Father Jesus's requests to advertise. *Id.* at 5. The lawsuit was subsequently removed to this Court, Notice of Removal at 1, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 2, 2021), ECF No. 1, and the Court entered a final judgment dismissing the 2021 lawsuit with prejudice on September 23, 2021, Final Judgment, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. Sept. 23, 2021), ECF No. 11. Lamar argues that "Plaintiff's claims here and in the Initial Action arise from a single allegation: Lamar refused to accept his business and post his advertising on its signs," and consequently, Plaintiff cannot relitigate them now. Mem. [5] at 6.

Second, Lamar asserts that Father Jesus's claims are barred by the three-year statute of limitations applicable to both Title II and MAA claims. *Id.* Lamar avers that despite his references to May 2021 communications with Lamar, Plaintiff's claims accrued in 2018 when it made its "final decision" to refuse his

---

*Advertisement, LLC*, 2021 WL 4342727, No. 1:21-cv-230-LG-JCG (S.D. Miss. July 7, 2021), ECF No. 4. However, it is evident that the Defendant in both lawsuits is the same.

business. *Id.* at 6-7.

Third, Lamar argues that Father Jesus's allegations are insufficient to state a claim under either Title II or the MAA. *Id.* at 7. Regarding the Title II claim, Defendant states that it is not a place of public accommodation, so it is not subject to Title II's restrictions. *Id.* at 7-8. As for Plaintiff's MAA claim, it fails because he has not alleged a conspiracy between two or more persons or entities or transactions that are wholly intrastate. *Id.* at 8.

Finally, Lamar contends that Father Jesus lacks standing to bring his claims because he has not demonstrated an injury traceable to Lamar's actions. *Id.* at 8-9.

Plaintiff filed a Response [8] to this Motion [4] to Dismiss in which he claims that "[t]he date of 'these' charges are on or around 6/21/21,"[4] and, therefore, they are not barred by the three-year statute of limitations. Resp. [8] at 1-2. He did not address Lamar's other arguments. Lamar did not file a reply to the Response [8] but it has filed a Motion [10] to Strike Response [8].

3.    Plaintiff's Motion [7] for Correction of Clerical Mistakes on Amended Complaint [1-1]

Also in response to Defendant's Motion [4] to Quash Summons and Motion [4] to Dismiss, Plaintiff filed a Motion [7] for Correction of Clerical Mistakes on Amended Complaint [1-1][5] and Request for Injunction to Equally Purchase

---

[4] Taking the record as a whole, it seems that Plaintiff likely meant May 21, 2021, rather than June 21, 2021. *See* 2d Am. Compl. [3] at 2-4; Ex. [12-1] at 1, 3, 9.

[5] At the time of filing of this Motion [7], Plaintiff had already filed a Second Amended Complaint [3]. However, his Motion [7] specifies that he wished to "correct clerical mistakes on Amended Complaint dated 8/8/22," Mot. [7] at 1, which is the date that he filed his First Amended Complaint [1-1] in state court, *see* 1st Am. Compl. [1-1]. Accordingly, the Court construes Plaintiff's Motion [7] as addressing his First Amended Complaint [1-1] rather than his Second Amended Complaint [3].

Advertising Space.[6] Plaintiff seeks to correct two types of errors in his First Amended Complaint [1-1]: incorrect dates and the misnomer of Defendant. Mot. [7] at 1. Plaintiff claims that these errors occurred due to his use of "an old case template (in part having identical violatons [sic]) purchased from an Attorney." *Id.* Plaintiff contends that his Amended Complaint [1-1] had the relevant date for his allegations, May 21, 2021, in the first paragraph while other references to 2018 were mistakes by his typist. *Id.*; Ex. [7-1] at 1-2.

Regarding Lamar's name, Plaintiff states that "[t]he Name [o]f The Lamar Company needed to be corrected on the complaint to the name that was on the summons." *Id.* He claims that the Amended Complaint [1-1] had the wrong name for Defendant because of an error by his typist who "accidently labeled the Defendant by the name that Defendant advertise [sic] on [its] website and all manor [sic] of communication with online customers." *Id.* Plaintiff attached a proposed amended complaint to this Motion [7] which replaces references to "Lamar Advertising Company" with "The Lamar Company, LLC." Ex. [7-1] at 1-2.

Lamar responds that Plaintiff's request to amend should be denied because his proposed corrections would not address the deficiencies raised in its Motion [4]

---

[6] While the title of Plaintiff's Motion [7] states a request for an injunction, the body of the Motion [7] does not contain such a request, nor does it make any argument as to why an injunction should be granted. *See generally* Mot. [7]. Plaintiff's attached proposed amended complaint [7-1] mentions that "Plaintiff requests this honorable court grant an injunction because Defendant has restricted and continues to restrict Plaintiff advertisement [sic] with His company," in the section identifying Plaintiff; however, this is not a new addition as both the First Amended Complaint [1-1] and Second Amended Complaint [3] also make the same request. *See* Ex. [7-1] at 2; 1st Am. Compl. [1-1] at 11; 2d Am. Compl. [3] at 2.

to Dismiss.[7] Resp. [9] at 1-3. Plaintiff did not file a reply to Defendant's Response [9].

4.   Plaintiff's Constructive Motion for Sanctions Entitled Response [8] to Motion [4]

While this filing is entitled Response [8] to Motion [4], in substance it requests that Lamar be sanctioned if Lamar does not amend its Motion [4] to Dismiss in light of Plaintiff's proposed amended complaint [7-1]. Resp. [8] at 1-2. Plaintiff claims that he has "clearly pointed out the date of these current charges" as occurring in 2021, that any references to earlier dates were merely identifying Lamar's "track record of discrimination towards [his] corporation, person, and religion," and that Lamar's contention that his claims are time-barred "increase[s] the cost and time of litigation." *Id.*

5.   Defendant's Motion [10] to Strike Response [8]

Instead of filing a response to Plaintiff's request for sanctions, Defendant filed a Motion [10] to Strike. Lamar argues that Father Jesus's Constructive Motion [8] for Sanctions does not comply with Federal Rule of Civil Procedure 11, which requires a party to serve a motion for sanctions twenty-one days prior to filing such a motion with the Court. Mot. [10] at 2. Lamar asserts that Father Jesus did not comply with this safe-harbor provision, noting that he filed his request for sanctions

---

[7] Lamar argues that the Court should construe Plaintiff's Motion [7] as a motion for leave to amend under Federal Rule of Civil Procedure 15(a), rather than as a motion for correction of a clerical error. Resp. [9] at 2. Plaintiff bases his request for correction of clerical error on Federal Rule of Civil Procedure 60(a), which permits relief from a judgment or order by correcting "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); Mot. [7] at 2. The Court agrees with Lamar that this Motion [7] should be understood as a request to amend rather than a Rule 60 request, as Plaintiff is not seeking relief from a judgment or order.

on August 24, 2022, only two days after Lamar had filed the Motion [4] that Plaintiff claims is causing an undue waste of time and resources. *Id.* at 1; *see* Resp. [8] at 1-2. Plaintiff has not responded to this Motion [10].

6.    <u>Plaintiff's Motion [12] to Amend Second Amended Complaint [3]</u>

On August 31, 2022, Father Jesus filed a Motion [12] to Amend Second Amended Complaint [3], attaching another proposed amended complaint [12-1]. Plaintiff wishes to amend his current Complaint [3] because it "was a previous template and not the complaint that pertains to the current lawsuit." Mot. [12] at 1.

The factual and legal allegations and requests for relief contained in the proposed amended complaint are mostly unchanged from those in the Second Amended Complaint [3] and his proposed complaint to address his typist's errors. *Compare* 2d Am. Compl. [3], *and* Ex. [7-1], *with* Ex. [12-1]. Plaintiff has added some screenshots from newspaper articles and other online sources that mention his religious organization, *see* Ex. [12-1] at 4-5, and others that appear to be from Lamar's website discussing the potential reach of its billboards, *id.* at 9-10. He has also added references to the Sherman Act and allegations that "Defendant willfully (With [its] Monopoly) restricts trade with 100% of the customers in Plaintiffs [sic] Market and therefore ultimately 80% of All Americans according to [Lamar's] advertised study." *Id.* at 10. In reference to Lamar's contention that his claims are time-barred, Plaintiff states specifically that "[o]n Fri [sic], May 21,2021 [sic] Defendant responded to a call from a local agent on or around May 1st 2021 (Completely unrelated to past incidents concerning artwork years prior)." *Id.* at 6.

10

Lamar responds that Plaintiff's Motion [12] to Amend should be denied as futile in light of the arguments raised in its previous Motion [4] to Dismiss. Resp. [16] at 1-2. Plaintiff did not file a reply.

7.    Plaintiff's Motion [14] to Amend Defendant's Name

Father Jesus has also filed a Motion [14] to Amend Defendant's Name from "The Lamar Company" to "The Lamar Company LLC." Mot. [14] at 1. Lamar's Response [17] reiterates its objections to permitting any amendment as stated in its previous filings. Resp. [17] at 1-2. Plaintiff did not file a reply.

## II. DISCUSSION

A.    Defendant's Motion [4] to Dismiss or, in the alternative, for Summary Judgment and Plaintiff's requests to amend

The numerous pending filings present what can be summed up as one central issue before the Court: whether Plaintiff has presented viable claims in his current or proposed complaints that Defendant has violated Title II and the MAA. Lamar asserts that he has not stated and cannot state a non-frivolous claim against it, that his current complaint should be dismissed, and that as such his attempts to amend should be denied. Mem. [5] at 1; Resp. [9] at 2-3; Resp. [16] at 1-2; Resp. [17] at 1-2.

1.    Defendant's res judicata argument

a.    Relevant legal authority

Res judicata ensures the finality of judgments by prohibiting litigants from "collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from

relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). This bar on relitigation "relieve[s] parties of the cost and vexation of multiple lawsuits" and "conserve[s] judicial resources." *Id.*

Res judicata "generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense.'" *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is nevertheless proper "if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Id.*; *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520-22, 529 (5th Cir. 2016) (affirming a dismissal under Rule 12(b)(6) based on res judicata). In addition, a court may dismiss an action sua sponte on res judicata grounds when both actions were brought in the same court. *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

In deciding a Rule 12(b)(6) motion, a court can take judicial notice of matters of public record, including previous judgments, opinions, and documents filed in another case to establish the existence of such litigation. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Anderson*, 953 F.3d at 314; *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

Here, Plaintiff has not objected to Defendant raising its claim preclusion argument through a Rule 12(b)(6) motion rather than as an affirmative defense. The Court is able to resolve the res judicata question based only on Plaintiff's

Second Amended Complaint [3] and the judicially noticed existence of the opinion, final judgment, and complaint from Plaintiff's 2021 lawsuit against Lamar. *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. Sept. 23, 2021). Further, both actions were brought before this Court. The Court therefore may resolve Defendant's res judicata argument under the Rule 12(b)(6) standard. *See Anderson*, 953 F.3d at 314; *Boone*, 617 F.2d at 436.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," and the facts alleged must be more than "merely consistent with a defendant's liability." *Id.* (quotation omitted). While a complaint's legal conclusions are "not entitled to the assumption of truth," *id.* at 680, a court must accept all well-pleaded facts as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

b.    Analysis

For res judicata to apply, four elements must be satisfied: (1) the parties in the two actions must be identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) there was a final judgment on the merits in the prior suit; and (4) the same claim or cause of action must be involved in both cases. *Oreck Direct, LLC*, 560 F.3d at 401. In determining whether the fourth element is present, the

Fifth Circuit has adopted the transactional test, which "requires that the two actions be based on the same 'nucleus of operative facts.'" *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992)). This test looks to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)). Because the Court looks to facts rather than legal claims, a litigant cannot "relitigate the same facts even when the party argues a novel legal theory." *Snow Ingredients, Inc.*, 833 F.3d at 522 (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)).

All four elements of res judicata are satisfied here. First, both lawsuits had Father Jesus as Plaintiff and Lamar as Defendant. *See* 2d Am. Compl. [3] at 1-2; Amended Complaint, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 7, 2021), ECF No. 4. While Lamar's name varies slightly between the lawsuits, Plaintiff's filings in the 2021 suit make clear that he was suing the same entity as the current Defendant. *Compare* 2d Am. Compl. [3] at 3-4 (noting Defendant's website as https://www.lamar.com and describing Defendant as operating an "advertising company offering billboards and digital display advertising services to the public"), *with* State Court Record at 4-7, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7 (screenshots from a website with the

address https://www.lamar.com), *and* Amended Complaint at 1, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 7, 2021), ECF No. 4 (describing Defendant as "the exclusive provider of digital billboards in the region" that "offer[s] its customers the largest network of digital billboards in the United States"). Plaintiff has not disputed that the entity "Lamar Advertisement, LLC" that he previously sued is the same entity as "Lamar Company." Accordingly, the Court finds that the parties in the 2021 lawsuit and the present case are identical.

Second, the previous judgment was entered by a court of competent jurisdiction. This Court entered final judgment in the 2021 lawsuit. *See* Final Judgment, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. Sept. 23, 2021), ECF No. 11. Father Jesus raised claims under the First, Fifth, and Fourteenth Amendments to the United States Constitution and under Title VII of the Civil Rights Act of 1964. State Court Record at 2, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7; Amended Complaint at 1, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 7, 2021), ECF No. 4. Therefore, this Court had proper jurisdiction over his claims under 28 U.S.C. § 1331.

Third, the previous final judgment was a decision on the merits. It denoted that the 2021 lawsuit was "dismissed with prejudice" pursuant to Rule 12(b)(6). *See* Final Judgment, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. Sept. 23, 2021), ECF No. 11. "A dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003).

15

Fourth, the two cases are based on the same nucleus of operative facts and therefore involve the same cause of action. *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 330. Plaintiff's 2021 complaint outlined the factual background of his lawsuit:

> From 2018 – 2021 Mr. Jesus has Pleaded with The Managers, District, Managers and The Vice President to purchase a billboard for his religion, production company or simply Just a photo of Himself alone in the photo with no words or products. Vice President Matthew Howard on May 19 2021 stated in His email, The 2018 decision stands to disallow Mr Jesus in any endeavors, which included His likeness alone.

State Court Record at 2, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7 (mistakes in original). His amended complaint further alleged that Lamar

> simply will not allow any awareness of the person Father Jesus in any capacity, Father Jesus further requested simply a photo alone not printing Mr Jesus name and not openly worshipped. Lamar Management upheld their restriction/Ban of Mr Jesus. This is abnormal behavior for Lamar to restrict one due to religion as seen in exhibit 1, Lamar upholds a fruitful and longstanding relationship with the Satanic Temple.
>
> It is clear that the basis of denial is religion and race.

Amended Complaint at 1, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 7, 2021), ECF No. 4 (mistakes in original).

Plaintiff's present case addresses this same denial of advertisement space. He alleges that

> On May 21 2021 Plaintiff spoke to and wrote emails to managers and council requesting the same equality to purchase goods as Satanic Temple in 2021 (Who advertises with Lamar freelyOn May 21 2021 agents expressed that because of Plaintiffs religion He cannot purchase billboards even if just a photo of Plaintiff without His name 'Father Jesus' included.

2d Am. Compl. [3] at 5 (mistakes in original).

Based on these allegations, both cases involve the same nucleus of operative facts. Plaintiff is again contesting a May 2021 refusal by Lamar to permit him to purchase billboard advertising to display his likeness. Just like in his 2021 lawsuit, he argues that the motivation behind Lamar's decision is his race and religion.

The two-day difference between May 19, 2021, in the 2021 lawsuit and May 21, 2021, in the present lawsuit does not make the present case a separate transaction given that both lawsuits center on Defendant's alleged denial of Plaintiff's attempts to purchase a billboard advertisement with his likeness. Plaintiff did not file his 2021 lawsuit until June 3, 2021, so he could have brought any claim arising out of communications from May 21, 2021, in his earlier suit, *see* State Court Record at 2, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7, and the claims are still barred even if treated as a distinct time period because they constitute the same course of alleged discrimination, *see Davis*, 383 F.3d at 314 (holding that claims were precluded even though they arose months after the conduct at issue in the initial action because the claims were based on conduct that occurred prior to the filing of the initial action and "originate[d] from the same continuing course of allegedly discriminatory conduct").

The facts alleged in the 2021 lawsuit and in this present one "are related in time, space, origin, [and] motivation" and would have formed a convenient trial unit, making them the same case for res judicata purposes even though Plaintiff now asserts violations under Title II and the MAA instead of the constitutional and

17

Title VII claims he previously brought. *See Davis*, 383 F.3d at 313 (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 396); *Snow Ingredients, Inc.*, 833 F.3d at 522. As a result, Plaintiff's current lawsuit is barred by res judicata, and the Court finds that Defendant's Motion [4] to Dismiss should be granted on this basis.

2.      The futility of Plaintiff's proposed amendments

Father Jesus has two pending requests to amend his complaint. *See* Mot. [7]; Mot. [12]. While a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), it may "deny a motion to amend if it is futile," *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). An amended complaint is futile if it would fail to state a claim upon which relief could be granted. *Id.* at 873. To determine futility, a court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quotations omitted).

Neither of Father Jesus's proposed complaints [7-1][12-1] would cure the res judicata problem. His first proposed complaint [7-1] makes only minor changes addressing Lamar's name. *Compare* 2d Am. Compl. [3], *with* Ex. [7-1]. His second proposed complaint [12-1] conclusively illustrates that the two lawsuits are based upon the same facts. *Compare* State Court Record at 2-11, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7, *with* Ex. [12-1]. As evidence of the alleged discrimination, this complaint relies on a screenshot of the exact same email from Scott Gregory, a Lamar employee, denying Plaintiff's request and Plaintiff's response to that email that he included in the original complaint in his 2021 lawsuit. *Compare* State Court Record at 8-9, *Lamar Advertisement, LLC*,

2021 WL 4342727 (S.D. Miss. July 9, 2021), ECF No. 7, *with* Ex. [12-1] at 7. Plaintiff cannot "relitigate the same facts" by "argu[ing] a novel legal theory." *Snow Ingredients, Inc.*, 883 F.3d at 522. Because his proposed complaints reinforce that the present case is barred by res judicata, the proposed amendments would be futile. Consequently, Father Jesus's Motions [7][12] to Amend should be denied, and this case should be dismissed with prejudice.

B.      Plaintiff's Constructive Motion [8] for Sanctions

        This Motion [8] asserts that Defendant's Motion [4] to Quash Summons and Dismiss or, in the alternative, for Summary Judgment was brought to "increase the cost and time of litigation," warranting the imposition of sanctions. Resp. [8] at 2.

1.      Relevant legal authority

        Federal Rule of Civil Procedure 11 imposes a duty on attorneys and pro se litigants when presenting a filing to the court to certify that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1); *see Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 458-59 (5th Cir. 2020).  "In deciding whether a pleading has been filed for any improper purpose under subpart (b)(1), 'the standard under which the attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances.'" *Marceaux v. Lafayette City-Par. Consol. Gov't*, 14 F. Supp. 3d 760, 766 (E.D. La. 2014) (emphasis removed) (quoting *Jenkins v. Methodist Hosp. of Dall., Inc.,* 478 F.3d 255, 264 (5th Cir. 2007) (en banc)). If a filing is "well grounded in fact and law," *Sheets v. Yamaha*

*Motors Corp., U.S.A.*, 891 F.2d 533, 537-38 (5th Cir. 1990), a court "must identify

'unusual circumstances'" that show "a party pursued an illegitimate purpose to

increase costs or to harass a party" in order to impose Rule 11 sanctions, *FDIC v.*

*Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (quoting *Sheets*, 891 F.2d at 538).

A party who files a motion for sanctions under Rule 11(c)(2) must comply

with the Rule's safe-harbor provision which requires the motion to be served on the

non-movant at least 21 days before it is presented to the Court. Fed. R. Civ. P.

11(c)(2); *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016); *Elliott v.*

*Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). A motion for sanctions must be denied if

the movant does not comply with this safe-harbor provision. *Elliott*, 64 F.3d at 216;

*Tompkins v. Cyr*, 202 F.3d 770, 778 (5th Cir. 2000).

2.   <u>Analysis</u>

Plaintiff has not demonstrated that Defendant filed its Motion [4] for an

improper purpose. As discussed previously, Defendant's argument that this case is

barred by res judicata is well-founded, and Plaintiff has not shown any unusual

circumstances to suggest that Defendant's Motion [4] should constitute sanctionable

conduct. *See Sheets*, 891 F.2d at 538. Further, a defendant can properly challenge

the form of process through a motion to quash summons under Rule 12(b)(4) or (5)

when the summons does not contain the name of the parties or a party not named

in the summons has been served, as Lamar's Motion [4] contends, *see Gartin v. Par*

*Pharm. Cos., Inc.*, 289 F. App'x 688, 291 n.3 (5th Cir. 2008); Mem. [5] at 9, and

Lamar's argument that the statute of limitations had expired based on Father

Jesus's initial complaints [1-1] alleging events from 2018 could also be properly raised through a motion to dismiss under Rule 12(b)(6), *see Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling.").

Plaintiff's argument that after he amended the date on which his allegations occurred, Lamar's Motion [4] became improper, is unavailing. *See* Resp. [8] at 1-2. While Plaintiff's Second Amended Complaint [3] alleges that his cause of action accrued in 2021, Lamar filed a contemporaneous Motion [6] to Strike his Second Amended Complaint [3] for not complying with Rule 15, *see* Mot. [6] at 1, and Lamar presented a plausible argument that the cause of action had nevertheless accrued in 2018, *see* Mem. [5] at 6-7. Though Lamar has filed several motions in a short timeframe, Plaintiff has provided no evidence showing that Lamar filed its Motion [4] to increase the time and cost of litigation rather than for a legitimate purpose. Given the "reasonably clear legal justification[s]" for Lamar to file its Motion [4], the record does not support a finding of an improper purpose. *See Sheets*, 891 F.2d at 538.

Plaintiff also failed to comply with the safe-harbor provision. *See* Fed. R. Civ. P. 11(c)(2). He filed his Constructive Motion [8] for Sanctions only two days after Defendant filed the Motion [4] that he claims was brought for an improper purpose. Mot. [4]; Resp. [8]. Plaintiff's Motion [8] therefore should be denied for this additional reason. *See Elliott*, 64 F.3d at 216. Finally, in light of the Court's denial

of Father Jesus's Motion [8] for Sanctions, Lamar's Motion [10] to Strike Plaintiff's

Response [8] should be denied as moot.

C.     The other pending Motions [4][6][14]

      In light of the Court's determination that this action should be dismissed

based upon res judicata, Plaintiff's Motion [14] to Amend Defendant's Name,

Defendant's Motion [4] to Quash Summons, and Defendant's Motion [6] to Strike

Plaintiff's Second Amended Complaint [3] should be denied as moot.

### III. CONCLUSION

      To the extent the Court has not addressed any of the parties' arguments, it

has considered them and determined that they would not change the result.

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant The

Lamar Company's Motion [4] to Quash Summons is **DENIED** as moot in light of

the Court's dismissal of this action.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant The

Lamar Company's Motion [4] to Dismiss, or in the alternative, for Summary

Judgment is **GRANTED**.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant The

Lamar Company's Motion [6] to Strike Amended Complaint [3] is **DENIED** as

moot.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Father

Jesus's Motion [7] for Correction of Clerical Mistakes on Amended Complaint [1-1]

is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Father Jesus's Constructive Motion for Sanctions Entitled Response [8] to Motion [4] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant The Lamar Company's Motion [10] to Strike Plaintiff's Response [8] is **DENIED** as moot.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Father Jesus's Motion [12] to Amend Second Amended Complaint [3] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Father Jesus's Motion [14] to Amend Defendant's Name is **DENIED** as moot in light of the Court's dismissal of this action.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE**. A separate Final Judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE