# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**FATHER JESUS**                                                        **PLAINTIFF**

**v.**                                             Civil No. 1:22-cv-00209-HSO-BWR

**THE LAMAR COMPANY**                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT THE LAMAR COMPANY'S MOTION [18] FOR SANCTIONS

BEFORE THE COURT is Defendant The Lamar Company's Motion [18] for Sanctions. Plaintiff Father Jesus has filed a Response [20] and Defendant did not file a reply. After due consideration of the record and relevant legal authority, the Court finds that Defendant The Lamar Company's Motion [18] should be denied.

## I. BACKGROUND

Plaintiff Father Jesus ("Plaintiff" or "Father Jesus") alleges that Defendant The Lamar Company ("Defendant" or "Lamar") violated Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. §§ 2000a et seq., and the Mississippi Antitrust Act ("MAA"), Miss. Code Ann. §§ 75-21-1 et seq., by denying his May 2021 request to advertise his likeness and religious group on its billboards. 2d Am. Compl. [3] at 4-5. Plaintiff filed his initial complaint in the Circuit Court for Harrison County, Mississippi, and Defendant removed the case to this Court. Not. of Removal [1]. Following removal, Plaintiff amended his complaint once, 2d Am. Compl. [3], and requested additional amendments, Mot. [7], [12], [14].

1

As explained more thoroughly in a previous Order [21], this is Plaintiff's second lawsuit against Defendant related to this advertising dispute. Order [21] at 11-19; *Jesus v. Lamar Advertisement, LLC*, 2021 WL 4342727, No. 1:21-cv-230-LG-JCG (S.D. Miss. Sept. 23, 2021). In the previous litigation, Plaintiff asserted violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution and Title VII of the 1964 Civil Rights Act, and this Court dismissed his claims with prejudice in 2021. *Lamar Advertisement, LLC*, 2021 WL 4342727, at *2-3; Final Judgment, *Lamar Advertisement, LLC*, 2021 WL 4342727 (S.D. Miss. Sept. 23, 2021), ECF No. 11. Undeterred, Plaintiff filed the present suit.

Defendant has filed a Motion [18] for Sanctions, requesting that the Court sanction Plaintiff and award attorney's fees and litigation expenses pursuant to Federal Rule of Civil Procedure 11 and the Mississippi Litigation Accountability Act. Mot. [18] at 1. Lamar argues that sanctions are appropriate because Plaintiff's claims are barred by both res judicata and the statute of limitations and are therefore frivolous. Mem. [19] at 1. Regarding the statute of limitations, Defendant asserts that Plaintiff's claims accrued in 2018 when "Lamar made its final decision not to display Plaintiff's messages on its signs on May 25, 2018," and that any refusal in May 2021 could not create a new cause of action because the previous decision "was not subject to review." Mem. [5] at 7. Plaintiff responds that the Court should deny the Motion [18], claiming that it is "an effort to defraud the court," Resp. [20] at 1-2, and that his claims are not time-barred, *id.* at 3. Defendant did not reply.

II. DISCUSSION

A.    Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 imposes a duty on attorneys and pro se litigants when presenting a filing to the court to certify, after a reasonable inquiry into the law, that "the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When "a filing, even made in good faith, is legally indefensible," Rule 11(b)(2) permits a court to impose sanctions. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 529 (5th Cir. 2016).

A party who files a motion for sanctions under Rule 11(c)(2) must comply with the Rule's safe-harbor provision which requires the motion to be served on the non-movant at least 21 days before it is presented to the court. Fed. R. Civ. P. 11(c)(2); *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Here, Defendant has complied with the Rule 11 safe-harbor provision. Mot. [18].

Pro se litigants are not immune to Rule 11 sanctions. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Fifth Circuit has upheld sanctions imposed on pro se litigants for successive or untimely lawsuits. *See Fermin v. Nat'l Home Life Assurance Co.*, 15 F.3d 180, 1994 WL 24922, at *2 (5th Cir. 1994) (unpublished). However, a litigant's pro se status is an important factor in determining whether Rule 11 has been violated. *Thomas v. Capital Sec. Servs.,*

3

*Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc). For pro se plaintiffs, "sanctions [are] rarely imposed in circumstances where the plaintiff had no notice in the form of a prior ruling that their conduct was inappropriate or where the court had not presented an opportunity for the litigant to assess and change their behavior." *Ellis v. Clarksdale Public Utilities*, No. 4:20-cv-00032-DMB-JMV, 2021 WL 4317670, at *2 n.5 (N.D. Miss. Sept. 22, 2021); *see also Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:21-cv-2166-X-BK, 2021 WL 5168269, at *5 (N.D. Tex. Oct. 21, 2021) (collecting cases), *report and recommendation adopted by* 2021 WL 5909006 (Dec. 14, 2021). District courts have declined to impose sanctions against pro se parties despite multiple attempts to relitigate precluded claims where the party lacked a prior court warning. *See Oyekwe*, 2021 WL 5909006; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (declining to impose sanctions even though it was the plaintiff's sixth lawsuit regarding the same allegations where plaintiff had not been previously warned by a court of possible sanctions).

    Defendant seeks sanctions in the form of its attorney's fees and litigation costs, arguing that Plaintiff's claims are frivolous because they are barred by res judicata and the statute of limitations. Mem. [19] at 3-4. The Court has found that Plaintiff's claims are clearly barred by res judicata. Order [21] at 18-19.

    Nevertheless, the Court finds that Defendant's request should be denied. Plaintiff has not yet received a warning from this Court that persisting in this litigation would subject him to sanctions. Defendant notified Plaintiff of its intent to seek sanctions, Mot. [18] at 1; Ex. [18-1] at 2-3, and informed him that his claims

4

were barred due to previous litigation, Ex. [18-1] at 2. Despite this, it is unclear whether Plaintiff understood the implications of Defendant's arguments as it pertains to res judicata. Plaintiff attempted to correct other insufficiencies in his complaint that Defendant has raised but he has never directly addressed the argument that his claims are precluded by the 2021 lawsuit. In light of the record and Plaintiff's pro se status, the Court finds that a warning, rather than Rule 11 sanctions, is appropriate.

Regarding Defendant's statute of limitations argument, Defendant contends that Plaintiff's claims accrued in 2018 when Lamar made its "final decision" to not permit him to advertise, and are therefore barred by the three-year statute of limitations applicable to Title II and MAA claims. Mem. [5] at 6-7; *Jesus v. Gulfside Casino P'ship*, No. 1:22-cv-77-HSO-RPM, 2022 WL 3093771, at 3 (S.D. Miss. Aug. 3, 2022) (applying Mississippi's general three-year statute of limitations to Title II claims); *Carder v. BASF Corp.*, 919 So. 2d 258, 261-62 (Miss. Ct. App. 2005) (applying a three-year statute of limitations to MAA claims).

The Court finds that Plaintiff's claims are not so clearly barred by the statute of limitations as to make them frivolous, especially in light of Plaintiff's pro se status. On the face of Plaintiff's Second Amended Complaint [3], his allegations arise from communications with Lamar on May 21, 2021. 2d Am. Compl. [3] at 1-5. While Plaintiff's earlier versions of his complaint referenced 2018 communications, Ex. [1-1] at 5, 13, Plaintiff's complaints did not refer to any previous decision as a final decision by Lamar. Plaintiff has disputed Lamar's characterization of its 2018

decision and asserts that the 2021 refusal was "[c]ompletely unrelated to past incidents concerning artwork years prior." Resp. [8] at 1-2; Ex. [12-1] at 6. It is unnecessary to resolve the merits of this conflict because Plaintiff's claims have already been dismissed, but the Court finds that, liberally construing Plaintiff's pleadings, Rule 11 sanctions are inappropriate. Even if Plaintiff's claims were clearly barred by the statute of limitations, the Court would decline to impose sanctions on this ground because Plaintiff has not yet received a warning from the Court.

The Court also notes that to the extent Defendant seeks Rule 11 sanctions based on any filing made prior to removal, "[t]he federal rules do not apply to filings in state court," and therefore Rule 11 would be inapplicable to them. *See Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998) (noting that a party "cannot be sanctioned simply for [his] failure to withdraw pleadings filed in state court that would have violated rule 11 had they been filed in federal court" (citation omitted)).

B.   Mississippi Litigation Accountability Act

Defendant also seeks sanctions under the Mississippi Litigation Accountability Act, Miss. Code Ann. §§ 11-55-1 et seq. ("the Act"). Mem. [19] at 5.

As a preliminary matter, the Mississippi Litigation Accountability Act is limited to "any civil action commenced or appealed in any court of record in [Mississippi]." Miss. Code Ann. § 11-55-5(1) (Rev. 2012). This case was initially filed in the Circuit Court of Harrison County, Mississippi, therefore falling within the

bounds of the Act. However, to the extent the Act provides only a procedural rule, it would not apply to pleadings filed in federal court. *See Tompkins*, 202 F.3d at 787; *Moore v. Oliver*, No. 3:17-cv-408-DPJ-FKB, 2018 WL 5289906, at *3 (S.D. Miss. Oct. 24, 2018). Neither party has addressed this issue. Even if the Act is applicable, the Court finds that Defendant's request for sanctions should be denied.

Under the Act, a party can receive attorney's fees and litigation costs when a court "finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification." Miss. Code Ann. § 11-55-5(1). The Act further provides that "[n]o party, except an attorney licensed to practice law in [Mississippi], who is appearing without an attorney shall be assessed attorney's fees unless the court finds that the party clearly knew or reasonably should have known that such party's action, claim or defense or any part of it was without substantial justification." *Id.* § 11-55-5(4). The Act defines "[w]ithout substantial justification" as "frivolous, groundless in fact or in law, or vexatious, as determined by the court." *Id.* § 11-55-3(a). A party has "a duty of continuing inquiry" under the Act, meaning that the party should dismiss an action within a reasonable time after he "knows or reasonably should have known that he could not prevail on the claim." *Leaf River Forest Prods., Inc. v. Deakle*, 661 So. 2d 188, 197 (Miss. 1995).

The Mississippi Litigation Accountability Act lists various factors that a court must consider before awarding attorney's fees and costs. The factors relevant to the present case include:

> (a)     The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time

           remaining within which the claim or defense could have been filed;

(b)    The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;

(c)    The availability of facts to assist in determining the validity of an action, claim or defense;

(d)    Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

(e)    Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

(f)    The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy; [and]

(g)    The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing . . . .

Miss. Code Ann. § 11-55-7. "Whether to award monetary sanctions under the Litigation Accountability Act is left to the trial court's discretion." *Wilson v. Wilson* 283 So. 3d 195, 200 (Miss. Ct. App. 2019) (citing *In re Spencer*, 985 So. 2d 330, 336-37 (Miss. 2008)).

    As discussed previously, the record does not sufficiently reflect that Plaintiff clearly understood that his claim was frivolous due to res judicata or the statute of limitations. Plaintiff has contested Defendant's arguments as to when his claims accrued, and his statute of limitations argument is not clearly without substantial justification. *See Stevens v. Lake*, 615 So. 2d 1177, 1184-85 (Miss. 1993) (holding that a trial court abused its discretion in imposing sanctions where a party's argument was weak but not "*clearly* barred by the applicable statute of limitations" (emphasis in original)).

    Regarding res judicata, Plaintiff's repeated attempts to preserve his claims suggest that he would have offered some argument regarding res judicata had he

8

understood its implications. Further, Defendant initially focused on the alleged 2018 refusal when it informed Plaintiff that his claims were barred. *See* Ex. [18-1] at 2 ("Now that there has been an adjudication of claims arising from the alleged failure of Lamar to sell advertising space to you in 2018, you cannot file another law suit based on the same facts. The legal term is *res judicata*."). While Defendant's Motion [4] to Dismiss and its supporting Memorandum [5], incorporated in Defendant's Motion [18] for Sanctions, cited to the 2021 lawsuit and discussed the advertising dispute more generally, *see* Mem. [5] at 6, the attention to the 2018 refusal by Defendant in its initial communications with Plaintiff combined with Plaintiff's continued insistence that this present dispute is unrelated to the 2018 refusal suggests he did not understand his current claims to be barred.

As a result, even if the Mississippi Litigation Accountability Act could support sanctions, the Court declines to award them in light of its consideration of the relevant factors and Plaintiff's pro se status. Plaintiff attempted to assert claims that he believed were not barred based on his allegations of different legal violations than his previous suit and his focus on his communications with Lamar in 2021. He eliminated references to the time-barred 2018 refusal when Lamar raised its statute of limitations argument. *Compare* Ex. [1-1], *with* 2d. Am. Compl. [3], *and* Exs. [7-1], [12-1]. Defendant has not shown that Plaintiff pursued this action in bad faith or for an improper purpose rather than due to a misguided belief that his current claims were sufficiently distinct from his previous action to not be

9

barred. His error entitled Defendant to a dismissal of his claims but does not warrant sanctions under § 11-55-5 in the absence of a prior court warning.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not change the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant The Lamar Company's Motion [18] for Sanctions is **DENIED**. Plaintiff Father Jesus is **WARNED** that should he continue to pursue frivolous lawsuits, such as attempting to relitigate his billboard advertising dispute with Defendant The Lamar Company, the Court may impose sanctions, including but not limited to monetary sanctions.

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE